IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| VICKI HUET, § | |
| § | |
| v. § | NO. A-06-CA-172 LY |
| § | |
| JO ANNE B. BARNHART, § | |
| COMMISSIONER OF THE SOCIAL § | |
| SECURITY ADMINISTRATION § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
    UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Original Complaint (Clerk's Doc. No. 1); Plaintiff's Brief (Clerk's Doc. No. 9); Defendant's Brief in Support of the Commissioner's Decision (Clerk's Doc. No. 11); and the Social Security Record filed in this case (Cited as "Tr."). Plaintiff appeals from the Administrative Law Judge's (ALJ) determination that she is not "disabled" and presents for review the following issues: (1) whether the ALJ's decision properly considered Plaintiff's physical and mental impairments; (2) whether the ALJ's decision gave proper weight to the treating and examining doctors; and (3) whether there are other jobs in significant numbers in the national economy that Plaintiff can perform.

## I.   BACKGROUND

Plaintiff last worked in 1994 as an insurance adjuster, but claimed that she left work because the level of pain she was experiencing made it impossible to continue. Plaintiff first complained of pain in her back, but it spread to the point where it was global; Plaintiff was eventually diagnosed with fibromyalgia. At the hearing, Plaintiff testified that on many days she was incapacitated by the level of pain sometimes simply staying in her pajamas all day. She has been prescribed, and has

taken, a variety of narcotic pain medications such as Vicodin. Coupled with the fibromyalgia, Plaintiff also experienced migraine headaches on a frequent basis. Plaintiff further testified that she could drive or sit for no longer than 15 or 20 minutes without having to move. During this time period Plaintiff was also diagnosed with major or severe depression which she believed to be caused by the confluence of her medical problems, financial insecurity, and divorce. She was prescribed Effexor, a strong anti-depressant, for this issue. Finally, Plaintiff was forced to walk with a cane and has an *antalgic gait*; in other words, she walks with a pronounced limp.

In 1999, Dr. William Tullis performed a TRC Evaluation on Plaintiff and gave her a Global Assessment of Functioning (GAF) of 50. Such a score indicates that the patient has "serious symptoms (*e.g.*, suicidal ideation) or serious impairments in social or occupational settings (*e.g.*, no friends and cannot hold a job). He described Plaintiff's day-to-day activities – on those days during which she is "functioning" (Tr. 410) – to be walking her dogs each morning, going to bible study, e-mailing and phoning friends and family, and swimming. Around that same time, Plaintiff saw Dr. Fernandez at Scott & White, who believed her problems to be primarily related to her depression and counseled her "that it was very important for her to look for a job, even a part-time job, that it would probably not only help her financially, but also will help her emotionally, making her feel a little better." Tr. 369. Her treating physician, Dr. Robert Dougherty diagnosed Plaintiff with fibromyalgia and severe chronic depression, stating that her prognosis was "poor." Tr. 187. He further stated that "I have been unable to perform any diagnostic studies, *i.e.*, radiology, due to patient's limited income – I have no physical evidence of anything that could cause her pain." Tr. 191.

The ALJ found that Plaintiff "has fibromyalgia, headaches, and major depressive disorder" and that while these are "severe" disorders, they did not meet the requisite level of impairments as

2

prescribed in the Social Security regulations.  Tr. 18.  His decision that Plaintiff was not disabled within the requisite dates turned largely on Dr. Felkin's testimony that Plaintiff could work.  Felkin – a non-examining doctor who only reviewed Plaintiff's medical records –  believed that Plaintiff could work despite her fibromyalgia and depression, pointing out that one of Plaintiff's treating physicians stated that she could perform light work.  She also disagreed with Tullis's GAF score of 50, stating that this was belied by Plaintiff's reported daily activities.  The ALJ also rejected Dougherty's residual functioning capacity (RFC) opinion because it was based on "claimant's subjective complaints."  Tr. 21.  The ALJ then found that, based on the vocational expert's (VE) testimony, Plaintiff's RFC allowed her to perform "a significant range of light work",  Tr. 25, thus Plaintiff was not disabled for purposes of the Social Security Act.

## II.   ANALYSIS

Plaintiff's first issue is that the ALJ did not properly consider Plaintiff's physical and mental impairments.  *See* Plaintiff's Brief at 1.  In other words, Plaintiff is complaining that even though the ALJ found Plaintiff's impairments to be severe and that she could not go back to her job as an insurance adjuster (two elements of the disability determination, 42 U.S.C. § 423(d)(1)(A)), he erred when he made the determination that Plaintiff's RFC would allow her to perform "a significant range of light work," *see*  Tr. 25, because Plaintiff's impairments are too severe for her to maintain work. *See* Plaintiff's Brief at 9.  Plaintiff relies on the Fifth Circuit's holding in *Watson v. Barnhart*, 288 F.3d 212 (5th Cir. 2002) (relying on *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986)).  *Watson* and *Singletary* have been interpreted to apply only in cases in which the claimant's intermittently recurring symptoms are of sufficient frequency or severity to prevent the claimant from holding a job for a significant period of time.  *See Frank v. Barnhart*, 326 F.3d 618, 619-21 (5th Cir. 2003).  Thus,

while the ALJ does not have to articulate separate and distinct findings that the applicant can obtain and maintain the job over a sustained period of time in *every* case, he does have to do so in those cases where "the claimant's physical ailment waxes and wanes in its manifestation of disabling symptoms." *Id*. at 619.

The ALJ erred in failing to make the finding required by *Watson*, as interpreted by *Frank*. Indeed, the ALJ stated Plainitff's treatment record shows that her "symptoms waxed and waned during the time period relevant to this decision." Tr. 20. This is exactly the language the Fifth Circuit used to highlight when the ALJ should perform a *Watson* review. *Frank*, 326 F.3d at 619 Moreover, there is direct evidence in the record – unremarked upon by the ALJ – on this very issue, and it creates doubt regarding Plaintiff's ability to maintain employment. Specifically, record evidence demonstrates that Plaintiff found work at a daycare facility but was terminated not long after starting because of excessive absenteeism "due to sickness, pain, etc." Tr. 108. This is the very sort of evidence that *Watson* and *Frank* require the ALJ to consider and discuss. In short, while the Court agrees that the record suggests that Plaintiff, insofar as certain days are concerned, can perform light work, the question is whether her limitations on the *other* days of the week prevents her from *maintaining* such a job. The ALJ's decision as it stands is not enough to satisfy the requirements of *Watson. See Moore v. Sullivan*, 895 F.2d 1065, 1070 (5th Cir. 1990) (holding that ALJ's finding that claimant had the residual functional capacity to return to her past relevant work was erroneous where ALJ failed to make a finding that claimant could maintain such employment for a significant period of time); *Leidler v. Sullivan*, 885 F.2d 291 (5th Cir. 1989) (reversing ALJ's finding that claimant could return to her past relevant work where ALJ ignored the *Singletary* decision).

Therefore, the Court recommends that this case be remanded for the ALJ to perform a *Watson* review and make a determination, based on the evidence in the record, as to whether Plaintiff has the ability, despite her impairments, to maintain employment for a significant period of time.[1]

## VII. RECOMMENDATION

The Magistrate Court **RECOMMENDS** that the District Court **REMAND** the decision of the Commissioner and order him to perform a *Watson* review in light of this Report and Recommendation.

## VIII. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

---

[1] Given this finding, the Court need not take up Plaintiff's other issues. The Court notes, however, that the ALJ's heavy reliance on Felkin's testimony appeared misplaced. Felkin was a non-examining doctor, and never saw the Plaintiff. Felkin rejected Dr. Tullis' GAF rating of 50, because Tullis indicated that Plaintiff was able to walk her dogs, e-mail, etc. However, a more thorough review of Tullis' report reveals that Tullis limited this finding to days on which Plaintiff was able to "function," and that there were many days when this was not possible. If the ALJ is going to reject treating or examining doctors' opinions, he must explain his reasons in the manner required by 20 C.F.R. §§ 404.1527(f)(2)(ii), 416.927(f)(2)(ii), SSR 96-2p, and SSR 96-5p. *See also Newton v. Apfel,* 209 F.3d 448, 456 (5th Cir. 2000); *Myers v. Apfel,* 238 F.3d 617, 621 (5th Cir. 2001).

district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 18th day of January, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE